MICHAEL J. MCCUE (SBN: 296425)
Email: MMcCue@LRRLaw.com
AARON D. JOHNSON (SBN: 261747)
Email: ADJohnson@LRRLAW.com
Lewis Roca Rothgerber LLP
4300 Bohannon Drive
Menlo Park, CA 94025
(650) 391-1380 (Tel.)
(702) 391-1395 (Fax)

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC.
RH US, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RESTORATION HARDWARE, INC., a Delaware corporation, and RH US, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CHICAGO WICKER & TRADING COMPANY, an Illinois corporation,<br><br>Defendant. | Civil Case No.: 3:15-cv-00894<br><br>**COMPLAINT** |

Plaintiffs Restoration Hardware, Inc. and RH US, LLC (together, "RH") allege the following:

**NATURE OF THIS ACTION**

1. This is an action for design patent infringement under the Patent Act, 35 U.S.C. § 1, *et seq.*, and for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, arising out of Defendant Chicago Wicker & Trading Company's ("Defendant's") infringement of RH's patented furniture designs and trademarks.

///

# PARTIES

2. Plaintiff Restoration Hardware, Inc. is a Delaware corporation whose principal place of business is located at 15 Koch Road, Corte Madera, California, 94925. Prior to January 30, 2015, Restoration Hardware, Inc. was the owner of United States Design Patents D663,967 (the "D'967 Patent") and D663,966 (the "D'966 Patent) (together, the "RH Patents"). True and accurate copies of the RH Patents are attached hereto as Exhibit A. On January 30, 2015, Restoration Hardware, Inc. assigned all right, title, and interest in and to the RH Patents to Plaintiff RH US, LLC, which granted a license back to Restoration Hardware, Inc..

3. Plaintiff RH US, LLC is a Delaware limited liability company whose principal place of business is located at 15 Koch Road, Corte Madera, California, 94925.

4. Defendant Chicago Wicker & Trading Company is an Illinois corporation whose principal place of business is located at 5625 W. 115th Street, Suite B, Alsip, Illinois, 60603. Upon information and belief, Defendant conducts business under a variety of names, including, without limitation, "Forever Patio," "Chicago Wicker – NCI," "Northcape International," "Northcape Outdoor," and "Northcape."

# JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action involves claims for patent infringement in violation of 35 U.S.C. § 1, *et seq*.

6. This Court has personal jurisdiction over Defendant because Defendant purposefully, willfully, and/or intentionally infringed upon RH's design patents and trademarks by using RH's patented designs and trademarks with the knowledge that RH is located in California and that RH would likely suffer injury or harm resulting from the infringement in California. Indeed, Defendant continued its infringing conduct despite notice from RH. Upon information and belief, Defendant conducts

5512076_1

business from, among other locations, a warehouse located in Fullerton, California, and has purposefully directed its tortious conduct and activities at California, and RH's claims arise out of such conduct and activities. Upon information and belief, Defendant has sold or distributed the infringing products in this judicial district. Accordingly, the exercise of personal jurisdiction over Defendant is reasonable.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because jurisdiction is not founded solely on diversity of citizenship and a substantial part of the property that is the subject of this action—namely, RH's patented designs and trademarks—is situated in this judicial district. Venue is proper in the Northern District of this court, San Francisco division.

## **INTRADISTRICT ASSIGNMENT**

8. Pursuant to Civil Rule 3-2(c), this is an Intellectual Property Action assignable on a district-wide basis.

## **GENERAL ALLEGATIONS**

9. RH is an innovative and popular luxury brand in the home furnishings marketplace. RH designs, manufactures, and sells a wide variety of home furnishings, including furniture, lighting, bed, bath, hardware, and other products.

10. RH also possesses substantial patent rights, including the following two design patents, each registered with the United States Patent and Trademark Office: US D663,966 (the "D'966 Patent") and US D663,967 (the "D'967 Patent").

11. The RH Patents are valid and subsisting.

12. The D'967 Patent claims, without limitation, as follows:

The ornamental design for a **sofa**, as shown and described.





FIG. 1

5512076_1



FIG. 2

FIG. 3

FIG. 6



Relevant Descriptions: FIG. 1 is a perspective view of a first embodiment of a sofa showing my new design; FIG. 2 is a front elevational view thereof; FIG. 3 is a rear elevational view thereof; and FIG. 6 is a right side elevational view thereof (the left side elevational view being the same thereof).

13. The D'966 Patent claims, without limitation, as follows:

The ornamental design for a **lounge**, as shown and described.



**FIG. 1**



4

5512076_1

Relevant Description: FIG. 1 is a perspective view of a lounge showing my new design.

14. Together, the D'967 Patent and the D'966 Patent are referred to herein as the "RH Patents."

15. RH sells furniture products embodying the designs set forth in the RH Patents as part of its "Provence" collection.

16. In addition to the foregoing, RH is the owner of United States Tramemark Registration No. 4,231,598 for the PROVENCE mark for use in connection with, "Furniture, namely, chaise lounges, sofas, loveseats, lounge chairs, arm chairs, side chairs, ottomans, coffee tables, side tables, dining tables, console tables, cushions." RH's federal registration for the PROVENCE mark is valid and subsisting.

17. Upon information and belief, Defendant owns and operates a web-based furniture manufacturing business based in Illinois with facilities in California, Florida, New Jersey, and Ontario, Canada, , that sells goods to retailers and customers across the United States.

18. In or about February, 2015, RH learned that Defendant is advertising and selling, through the http://www.www.foreverpatio.com website and, upon information and belief, other websites and distribution channels, a sofa, lounge chair, loveseat, and sectional sofa components as part of its "Bayside" collection that each include designs that are nearly identical to the design of RH's sofa and lounge chair set forth in the RH Patents.

19. For instance, a side-by-side comparison of RH's sofa and lounge chair and Defendant's sofa and lounge chair shows that Defendant's designs are substantially the same as RH's:

///

///

///

5512076_1

| RH's Patented Design | Defendant's Infringing Products |
|---|---|
| Provence Sofa |  Bayside Sofa |
|  Provence Lounge Chair |  Bayside Lounge Chair |

20. RH has also learned that Defendant is advertising and selling, through the http://www.northcapeinternational.com website, and upon information and belief, other websites and distribution channels, a sofa, lounge chair, loveseat, and sectional sofa components as part of its "Geneva" collection that each include designs that are nearly identical to the design of RH's sofa and lounge chair set forth in the RH Patents.

5512076_1

21. For instance, a side-by-side comparison of RH's sofa and lounge chair and Defendant's sofa and lounge chair shows that Defendant's designs are substantially the same as RH's:

| RH's Patented Design | Defendant's Infringing Products |
|---|---|
| Provence Sofa |  Geneva Sofa |
|  Provence Lounge Chair |  Geneva Lounge Chair |

22. The design of Defendant's sofa, lounge chair, loveseat, and sectional sofa components and the design of RH's Provence sofa and lounge are so similar that it is highly unlikely that Defendant adopted its designs without prior knowledge of the Provence designs set forth in the RH Patents.

5512076_1

23. Upon information and belief and despite RH's demands, Defendant has continued to manufacture, use, offer to sell, sell, and/or import into the United States, furniture products that infringe upon the designs set forth in the RH Patents, including sales to consumers and to numerous retailers.

24. In addition to the foregoing, RH has learned that Defendant has adopted the "Provance" designation for a line of outdoor furniture, known as "The Provance Collection," that Defendant advertises on its website, http://www.northcapeinternational.com/collections/the-provance-collection and, upon information and belief, other websites as well. A screenshot of the webpage is set forth below:



  



///

5512076_1

## COUNT I
(Patent Infringement
under 35 U.S.C. § 1, *et seq.*)

25. RH incorporates the allegations in foregoing paragraphs as though fully set forth herein.

26. RH owns the D'967 Patent.

27. Defendant infringed the D'967 Patent by making, using, offering to sell, selling, and/or importing into the United States products that embody or use the designs claimed in the D'967 Patent.

28. RH did not authorize Defendant's conduct.

29. Defendant's conduct was knowing, intentional, and willful, making this an exceptional case.

30. RH incorporates the allegations in foregoing paragraphs as though fully set forth herein.

## COUNT II
(Patent Infringement
under 35 U.S.C. § 1, *et seq.*)

31. RH incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

32. RH owns the D'966 Patent.

33. Defendant infringed the D'966 Patent by making, using, offering to sell, selling, and/or importing into the United States products that embody or use the designs claimed in the D'966 Patent.

34. RH did not authorize Defendant's conduct.

35. Defendant's conduct was knowing, intentional, and willful, making this an exceptional case.

## COUNT III
(Trademark Infringement
under the Lanham Act, 15 U.S.C. § 1114)

36. RH incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

9

37. RH has been using the PROVENCE trademark in commerce in connection with the advertising and sale of furniture products since at least as early as April, 2010. RH's use of the PROVENCE mark in commerce predates Defendants use of the confusingly similar "Provance" mark.

38. Given RH's longstanding use of its PROVENCE mark in commerce in connection with furniture products including sofas and lounge chairs, Defendant's use of the confusingly similar "Provance" mark in connection with furniture products, including sofas, lounge chairs, and loveseats, constitutes a reproduction, copying, counterfeit, and/or colorable imitation of RH's PROVENCE mark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

39. Defendants' unlawful use of RH's PROVENCE mark in commerce has, at all times, been willful, deliberate, and intentional. Defendant's use of RH's PROVENCE mark in commerce was designed to usurp and wrongfully trade off of the substantial investment and goodwill RH has developed in its PROVENCE mark.

40. Defendant's unlawful use of RH's PROVENCE mark in commerce constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

41. As a direct and proximate result of Defendant's conduct, RH has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**COUNT IV**
(Unfair Competition
under the Lanham Act, 15 U.S.C. § 1125)

42. RH incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

43. Defendant is selling, and/or offering to sell, furniture in commerce, including, without limitation, sofas, chairs, and loveseats using the designation "Provance,"– a designation that is confusingly similar to RH's federally registered PROVENCE mark.

5512076_1

44. Defendant's use of the confusingly similar "Provance" designation is a false designation of origin which is likely to cause confusion, to cause mistake, or to deceive consumers as to the existence of an affiliation, connection or association between Defendant and RH, and/or is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, sponsorship, or approval of Defendant's furniture products by RH.

45. Defendant's use of the confusingly similar "Provance" designation in commerce has, at all times, been willful, deliberate, and intentional. The Defendant's use of the confusingly similar "Provance" designation in commerce was designed to usurp and wrongfully trade off of the substantial investment and goodwill RH has developed in its PROVENCE mark.

46. Defendant's use of the confusingly similar "Provance" mark in commerce constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant has used in connection with goods a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with RH and as to the origin, sponsorship, and approval of Defendant's furniture products and commercial activities by RH.

47. As a direct and proximate result of Defendant's conduct, RH has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, RH requests that the Court enter:

A. A preliminary and permanent injunction prohibiting Defendant and its officers, agents, servants, and those persons in active concert or participation with them from directly or indirectly infringing RH's rights in the RH Patents, including, without limitation, Defendant's manufacturers, suppliers, and retailers;

B. A preliminary and permanent injunction prohibiting Defendant and its

11

officers, agents, servants, and those persons in active concert or participation with them from using the PROVENCE mark or any confusingly similar variations thereof, in commerce;

    C.    Judgment in favor of RH and against Defendant for damages adequate to compensate RH for Defendant's infringment of the RH Patents, wich shall be trebled as a result of Defendant's willful patent infringement, pursuant to 35 U.S.C. § 284, or an award of Defendant's profits from its infringements pursuant to 35 U.S.C. § 289, whichever is greater, together with prejudement interest and costs;

    D.    Judgment in favor of RH and against Defendant for damages adequate to compensate RH for Defendant's infringment of the PROVENCE mark, including, but not limited to RH's actual damages, Defendant's profits, and the costs of the action, pursuant to 15 U.S.C. § 1117;

    E.    Judgment in favor of RH and against Defendant for RH's costs and attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285 and 15 U.S.C. 1117; and

    F.    Judgment in favor of RH and against Defendant for such other relief as the Court deems just, equitable, and proper.

Respectfully submitted,

Dated: February 26, 2015        By:   /s/ Michael J. McCue

MICHAEL J. MCCUE
AARON D. JOHNSON
Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8200 (Tel.)
(702) 949-8398 (Fax)

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC.
RH US, LLC.

5512076_1