MICHAEL J. MCCUE (SBN: 296425)
Email: MMcCue@LRRLaw.com
AARON D. JOHNSON (SBN: 261747)
Email: ADJohnson@LRRLAW.com
Lewis Roca Rothgerber LLP
4300 Bohannon Drive
Menlo Park, CA 94025
(650) 391-1380 (Tel.)
(702) 391-1395 (Fax)

Attorneys for Plaintiffs
RESTORATION HARDWARE, INC.
RH US, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RESTORATION HARDWARE, INC., a Delaware corporation, and RH US, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CHICAGO WICKER & TRADING COMPANY, an Illinois corporation,<br><br>Defendant. | Civil Case No.: 3:15-cv-00894-EDL<br><br>**The Honorable Magistrate Judge Elizabeth D. Laporte**<br><br>**PLAINTIFFS RESTORATION HARDWARE, INC. AND RH US, LLC'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

Plaintiffs Restoration Hardware, Inc. and RH US, LLC (collectively, "RH") hereby submit this Case Management Statement and Proposed Order pursuant to the Court's Case Management Order (Doc. No. 17) and Civil Local Rule 16-9.

**1. Jurisdiction and Service:**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action involves claims for patent infringement in violation of 35 U.S.C. § 1, *et seq*. This Court additionally has subject matter

jurisdiction because this action involves claims for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

As indicated in the previous Case Management Statement (Doc. No. 16), after Defendant was notified of this matter, Defendant expressed an interest in settling this matter to amicably resolve this case early. The parties have come to agreement on the terms of the settlement but require time to finalize a written settlement agreement. As of the date of this filing, Defendant is reviewing the draft settlement agreement. RH fully expects this case to be settled within the next two to three weeks. To facilitate settlement and conserve costs, Defendant has not been formally served.

**2.     Facts:**

RH is an innovative and popular luxury brand for home furnishings. RH holds design patents for its furniture designs and holds the trademark registration for "Provence," which is a line of furniture embodying those designs. Defendant sells products that violate RH's patents and trademark rights. RH brought this action for damages and other appropriate relief.

**3.     Legal Issues:**

- RH's ownership of the patents-in-suit;
- RH's ownership of its trademark;
- Whether Defendant has infringed RH's patents;
- Whether Defendant has infringed RH's trademark; and
- The amount of damages Defendant should pay RH.

**4.     Pending And Anticipated Motions:**

None.

**5.     Anticipated Pleading Amendments:**

None.

**6.     Evidence Preservation:**

1   RH's counsel certifies that it has reviewed the Guidelines Relating to the
2   Discovery of Electronically Stored Information.  Because Defendant has not been
3   served, there has not been a conference held regarding reasonable and proportionate
4   steps taken to preserve electronic evidence.  However, RH confirms that it has taken
5   steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures:**

Because Defendant has not been served, the parties have not conducted a Rule 26(f) conference and have not discussed a proposed discovery plan.

**8.     Discovery:**

Because Defendant has not been served, the parties have not conducted a Rule 26(f) conference and have not discussed a proposed discovery plan.

**9.     Class Actions:**

Not applicable.

**10.    Related Cases:**

RH has filed several enforcement actions in this district against other infringers of RH's intellectual property:

- *Restoration Hardware, Inc., et al. v. South Sea Rattan Furniture, Inc.*, Case No. 3:15-cv-00891-EDL;
- *Restoration Hardware, Inc. et al. v. Stanislaus Funding, Inc. et al.*, Case No. 3:15-00892-EDL;
- *Restoration Hardware, Inc. et al. v. Chicago Wicker & Trading Co.*, Case No. 3:15-00894-EDL;
- *Restoration Hardware, Inc., et al. v. Heng Zhong*, Case No. 4:15-cv-00937-KAW;
- *Restoration Hardware, Inc., et al. v. HFONC, Inc., et al.*, Case No. 4:15-cv-00954-DMR;
- *Restoration Hardware, Inc., et al. v. Light in the Box Ltd.*,

Case No. 4:15-cv-00924-KAW;

- *Restoration Hardware, Inc., et al. v. Patio Shoppers, Inc.*, Case No. 4:15-cv-00936-DMR;

- *Restoration Hardware, Inc., et al. v. PHX Lighting, LLC*, Case No. 3:15-cv-00918-EDL;

- *Restoration Hardware, Inc. et al. v. Topson Lighting, Ltd.*, Case No. 5:15-cv-00938-HRL; and

- *Restoration Hardware, Inc. et al. v. HomeLava Ltd.*, Case No. 3:15-cv-00926-EDL.

In an order dated May 12, 2015, in *Restoration Hardware, Inc., et al. v. South Sea Rattan Furniture, Inc.*, Case No. 3:15-cv-00891-EDL, (Doc. 13) Magistrate Judge Elizabeth D. Laporte determined that the following cases are related under local Civil Rule 3-12:

- *Restoration Hardware, Inc., et al. v. South Sea Rattan Furniture, Inc.*, Case No. 3:15-cv-00891-EDL;

- *Restoration Hardware, Inc. et al. v. Stanislaus Funding, Inc. et al.*, Case No. 3:15-00892-EDL; and

- *Restoration Hardware, Inc. et al. v. Chicago Wicker & Trading Co.*, Case No. 3:15-00894-EDL.

Each of these cases have been assigned to Magistrate Judge Laporte. With respect to the other cases, while RH does not believe they are related cases under Civil Local Rule 3-12 because they involve different defendants selling different products, RH does not oppose assignment to a single judge. *See, e.g.*, *EIT Holdings LLC v. Yelp!, Inc.*, No. C 10–05623 WHA, 2011 WL 2192820, 2 (N.D. Cal. May 12, 2011) ("Given the disparity in defendants, websites, and other disparate issues discussed herein like damages, willfulness, and discovery supervision, it is worth adding that the allegations against each defendant would *not* be related under our civil local

rules even if brought here as separate actions.  *See* Civil L.R. 3–12(a)(2)").

**11.    Relief:**

RH seeks both injunctive relief and damages under the Lanham Act and the Patent Act.

**12.    Settlement and ADR:**

The parties are engaged in informal settlement discussions.

**13.    Consent to Magistrate For All Purposes:**

RH has consented to the Magistrate Judge assigned to this case for all purposes.

**14.    Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues:**

Because Defendant has not been served, the parties have not discussed narrowing the issues.

**16.    Expedited Trial Procedure:**

Because Defendant has not been served, the parties have not discussed whether this case can be handled under the Expedited Trial Procedures.

**17.    Scheduling:**

Because Defendant has not been served, the parties have not discussed discovery scheduling.

**18.    Trial:**

RH did not demand a jury trial.  RH preliminarily estimates that a bench trial would require between 3 to 5 trial days.

**19.    Disclosure of Non Party Interested Entities or Persons:**

RH has filed its certification of interested entities or persons.  Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiffs Restoration Hardware,

Inc. and RH US, LLC are each direct or indirect wholly owned subsidiaries of Restoration Hardware Holdings, Inc., a publicly traded Delaware corporation.

Pursuant to Civil Local Rule 3-15, the undersigned certifies that, as of this date, other than the named parties, there are no entities or persons who have a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20.   Professional Conduct:**

RH's counsel of record has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Matters That Would Facilitate a Just, Speedy and Inexpensive Disposition of this Matter:**

Given ongoing settlement discussions, RH requests that the Case Management Conference be continued for thirty (30) days.

Respectfully submitted,

Dated: July 16, 2015          By:   /s/ Aaron D. Johnson
                                    MICHAEL J. MCCUE
                                    AARON D. JOHNSON
                                    Lewis Roca Rothgerber LLP
                                    3993 Howard Hughes Parkway, Suite 600
                                    Las Vegas, Nevada 89169-5996
                                    (702) 949-8200 (Tel.)
                                    (702) 949-8398 (Fax)

                                    Attorneys for Plaintiffs
                                    RESTORATION HARDWARE, INC.
                                    RH US, LLC.

# CASE MANAGEMENT ORDER

Based on the **PLAINTIFFS RESTORATION HARDWARE, INC. AND RH US, LLC'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** filed by Plaintiffs on July 16, 2015, the Court hereby continues the Case Management Conference for this case for 30 days until _____August 18_____, 2015 at 10:00 am ~~am/pm~~. All related deadlines under Federal Rules of Civil Procedure 16 and 25 and applicable case management and discovery local rules and standing orders shall be continued to accord with the new conference date.

IT IS SO ORDERED

Dated: July 17, 2015

By: *Elizabeth D. Laporte*
The Honorable Magistrate Judge
Elizabeth D. Laporte